# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELOY QUILES, | : | CIVIL NO. 1:09-CV-580 |
|---|---|---|
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| UNITED STATES DEPARTMENT OF DEFENSE and DEPARTMENT OF THE NAVY | : | (Magistrate Judge Carlson) |
| Defendants | : | |

## AMENDED REPORT AND RECOMMENDATION

### I. Introduction

This is a civil rights action brought by Eloy Quiles, a truck driver, seeking damages and other relief as a result of an alleged violation of due process and discrimination based upon his race and national origin while he was employed for a federal contractor. The Plaintiff's complaint, which was filed on March 30, 2009, brings this action under 42 U.S.C. § 1981 and the Fourteenth Amendment and details in 13 separate paragraphs factual averments in support of this alleged discrimination and due process violation.

On July 27, 2009, the Defendants filed a motion a motion to dismiss the Plaintiff's complaint with accompanying brief. (Docs. 3,4). For the reasons set forth below we agree that the doctrine of sovereign immunity bars the plaintiff from seeking damages in federal court from the Department of Defense and Department of Navy under 42 U.S.C. § 1981 and the Fourteenth Amendment. Therefore, we recommend that the motion to dismiss be granted, without prejudice to Quiles being given leave to amend his complaint.

## II. Factual Background

On October 10, 2008, Plaintiff Eloy Quiles was cited by Harry R. Harvey, Sr., a transportation assistant, for not having a rear brake light on the container he was attempting to transport into the Naval Support Activity Installation ("NSAI"). (Doc. 4, exhibit A). The Plaintiff allegedly became very angry, began to curse and accused Harvey of being prejudiced. Harvey alleges that Plaintiff then removed a rear brake light from his own tractor, replaced it with malfunctioning brake light on the container, and then attempted to take a light from an empty container already in the parking lot. *Id*. Plaintiff asserts that he owned the other container. (Doc. 6). Harvey confronted Quiles, who denied any wrongdoing. (Doc. 4, exhibit A).

Officer Jason Harrison informed the Plaintiff and that the Plaintiff would have to return to pick up the original container and would be escorted off the installation. *Id*. Quiles then allegedly threatened to leave the container on the road, but Officer Harrison told him that he would receive a citation for blocking a public roadway. *Id*. Plaintiff Quiles was hesitant when Office Harrison asked for his license, registration, and proof of insurance. *Id*. When he went to his tractor to retrieve the requested information, he allegedly ignored Officer Harrison's repeated orders to refrain from making any sudden movements and to remain still. *Id*. Instead, he returned to his tractor, entered on the driver's side, and told Officer Harrison he had a weapon. *Id*. Officer Harrison then repeatedly ordered Plaintiff Quiles to step away from the tractor and to show his hands. *Id*. When Quiles did not respond, Officer Harrison subdued him and called for back-up. *Id*. Plaintiff Quiles then stated he only told Officer Harrison he had a weapon in the truck because he was angry. *Id*.

Officer Kelly McKernan responded to the call for backup and restrained Plaintiff Quiles while Officer Harrison inspected the truck. *Id*. After no weapons were discovered, Plaintiff Quiles was released from custody and escorted from the installation. *Id*.

Following the incident, on November 5, 2008, a debarment order was issued by Commander C.M. Vitt. (Doc. 4, exhibit C). This order prevented Plaintiff Quiles from entering the NSAI in Mechanicsburg, Pennsylvania, and the Philadelphia Naval Business Center pursuant to 40 U.S.C. 797 and Commander, Navy Region, Mid-Atlantic Instruction. (Doc. 1). The Plaintiff was notified of the debarment order and appealed by way of letter mailed on December 8, 2008. (Doc. 1, 6). The Defendant allegedly did not respond to the Plaintiff's appeal. (Docs. 1, 4).

The Plaintiff now claims that the Defendants violated his rights as provided by 42 U.S.C. § 1981, the Due Process clause of the Fourteenth Amendment, and Federal Acquisition Regulation 9.406 et seq. (Docs. 1,6). The Plaintiff seeks damages in the form of lost wages and other compensation, claiming he has suffered damage to his reputation, embarrassment, humiliation, and mental anguish. He also seeks court and counsel fees. (Docs. 1,6).

For the reasons set forth below, we recommend that the Plaintiff's complaint be dismissed without prejudice and that he be given leave to amend, and without prejudice to the defendants later raising other potentially dispositive defenses in this case, defenses which we do not reach at this time since we find that the plaintiff has failed to name proper defendants in this action.

### III. Discussion

#### A. Rule 12(b)(6)– The Legal Standard.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs motions to dismiss like the motion lodged by the defendant in this case, provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third

Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (12007) continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, –F.3d–, 2009 WL 2501662, at 7 (3d Cir. Aug. 18, 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In keeping with the principles of *Twombly,* the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. at 1937 (2009), the Supreme Court held that, when considering a motion

to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950 .

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, –F.3d–, 2009 WL 2501662, at 8 (3d Cir. Aug. 18, 2009).

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint names proper parties to the lawsuit.

### B. Under the Doctrine of Sovereign Immunity, the Plaintiff May Not Maintain An Action For Damages Against the Department of Defense or the Department of the Navy.

In this case, the Plaintiff alleges that the Defendants committed violations of his rights under 42 U.S.C., § 1981, and the Fourteenth Amendment of the United States Constitution. (Doc. 1). The Defendants assert that the doctrine of sovereign immunity bars the Plaintiff's § 1981 and constitutional claims. (Doc. 4 at 8). We agree with the Defendants and recommend that the Plaintiff's complaint be dismissed.

It is a "well settled principle that the federal government is immune from suit save as it consents to be sued." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996) (citing *FMC Corp. v. United States Department of Commerce*, 29 F.3d 833, 839 (3d Cir. 1994)). The federal government must consent to be sued and this consent must be narrowly construed in favor of the government. *Id*. The doctrine of sovereign immunity protects the Department of Defense as well as the Department of Navy. *Id*. *See also Yocum v. United States*, 589 F.Supp. 706 (E.D. Pa. 1984). Without a waiver of this immunity, sovereign immunity shields the federal government and its agencies from suit. *Matsko v. United States,* 372 F.3d 556 (3d. Cir. 2004) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). It is well-settled that, under § 1981, the United States may not be sued because the terms of this provision do not contain a waiver of federal sovereign immunity. *Idrogo v. United States Army*, 18 F.Supp. 2d 25, 29 (D.D.C. 1998). Thus, the Plaintiff's claims against the United States under § 1981 are barred by the sovereign immunity doctrine. *See, e.g., Selden Apartments v. U.S. Department of Housing and Urban Development,* 785 F.2d 152, 156-58 (6th Cir. 1986); *Nicholson v. Johans,* 511 F. Supp. 2d. 1193 (S.D. Al. 2007); *Andrews v. Martinez,* No. C-3-01-285, 2002 WL 3138850 (S.D. Oh. Aug. 21, 2002); *Lynn v. U.S. Dept. Of Health and Human Services*; 583 F. Supp. 532 (S.D.N.Y. 1984); *Benima v. Smithsonian Institute,* 471 F. Supp. 62, 68 (D. Mass. 1979).

Similarly, courts have held as a matter of statutory construction that § 1981 does not reach conduct by federal officials, as opposed to state actors. For example, in *Dotson v. Griesa,* 398 F.3d 156 (2d C. 2005), the appellate court considered whether § 1981 reached actions engaged in by federal officials. In terms that are equally applicable, the court held that the statute did not embrace federal officials, holding that:

> Title 42 United States Code § 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." A 1991 amendment to § 1981 clarifies that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of *State law*" (emphasis added). 42 U.S.C. § 1981( c) . This court has long construed the phrase "under color of state law" as used in related civil rights statutes, notably 42 U.S.C. § 1983, to apply only to state actors, not federal officials. *See Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 4 (2d Cir.1991) (holding that "[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers"); *Yalkut v. Gemignani,* 873 F.2d 31, 35 (2d Cir.1989). Today, we hold that this construction also applies to the same language in § 1981. *See Lee v. Hughes,* 145 F.3d 1272, 1277 (11th Cir.1998) (affirming dismissal of § 1981 claim by terminated U.S. probation officer: "Both circuit precedent and the text of § 1981 compel us to hold that a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law."); *see also Davis-Warren Auctioneers, J.V. v. Fed. Deposit Ins. Corp.,* 215 F.3d 1159, 1161 (10th Cir.2000) (affirming dismissal of § 1981 claim against federal agency); *Davis v. United States Dep't of Justice,* 204 F.3d 723, 725 (7th Cir.2000) (same).In this case, it is undisputed that all complained-of actions by the named defendants were conducted pursuant to their authority under federal, not state, law. Thus, because [the plaintiff] cannot satisfy the "under color of state law" requirement of a § 1981 claim, we affirm the district court's dismissal of this part of his complaint.

*Dotson v. Griesa* 398 F.3d 156, 162 (2d. Cir. 2005).

Furthermore, to the extent that Quiles complains that this federal action violated his rights under the Fourteenth Amendment these claims must also fail since the Fourteenth Amendment applies only to the States. Therefore, the doctrine of sovereign immunity also bars Quiles' claims against the Federal Government under the Fourteenth Amendment. *See In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443,

480 (D.C. Cir. 2005); *Walber v. United States HUD*, 897 F.2d 530 (6th Cir. 1990); *Rutherford v. United States*, 702 F.2d 580, 582 & n. 4 (5th Cir. 1983); *Taylor v. United States*, 320 F.2d 843, 846 (9th Cir. 1963). Thus, regardless of whether these complaints are couched as claims under the Fourteenth Amendment or under 42 U.S.C. § 1981, the Plaintiff's claims are precluded by the doctrine of sovereign immunity.

We recognize, however, that in civil rights cases plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The plaintiff also appears in his pleadings to recognize this principle since Quiles' response to the motion to dismiss seeks to avail himself of an opportunity to amend this complaint if his original cause of action is dismissed. Therefore, since Quiles may be able to cure these defects arising from his inappropriate choice of defendants, it is recommended that the complaint be dismissed without prejudice, provided that the plaintiff acts without undue delay.[1]

Because we are dismissing this action on sovereign immunity grounds, we do not reach the other potentially dispositive issues raised by the defendants in their motion to dismiss. Of course, since we are recommending dismissal of this action without prejudice to the plaintiff re-filing and attempting to name proper defendants, we would also recommend that this dismissal be entered without prejudice to the

---

[1] We also note that the Plaintiff has neglected to prosecute this case, another factor which favors dismissal. Specifically, Plaintiff's counsel failed to appear for a scheduled conference in this case on November 2. While this conduct could also warrant some sanction, it is recommended instead simply that, to the extent that the Plaintiff seeks leave to amend his complaint, the Plaintiff also provide an explanation for his prior failure to comply with the Court's instructions.

defendants later renewing any motion to dismiss, and pursuing any other potentially dispositive legal issues which have be presented in their current motion, but not addressed in this decision.

### III. Recommendation

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the Plaintiff's complaint be **DISMISSED** without prejudice to the Plaintiff being granted leave to amend the complaint to address the deficiencies identified in this report and recommendation, provided that the Plaintiff: 1) does so without undue delay, by amending the complaint within 30 days of the entry of an order adopting this report and recommendation; and 2) that the Plaintiff shall also provide an explanation for his prior failure to comply with the Court's instructions. **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of November 2009.

            *S/Martin C. Carlson*
            **United States Magistrate Judge**